**In the Matter of Duncan C. WEBB.**

**No. 4373.**

Supreme Court of Alaska.

July 20, 1979.

---

Duncan Webb, pro se.

William W. Garrison, Anchorage, for Alaska Bar Assn.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION AND ORDER

RABINOWITZ, Chief Justice.

This matter comes before the Supreme Court under the provisions of Rule 16(c) of the Alaska Bar Rules[1] for review of the recommendation of the Board of Governors of the Alaska Bar Association, acting as the Disciplinary Board, that Duncan Webb be disbarred from the practice of law within the State of Alaska.

The disciplinary proceeding was initiated by the filing of a petition by counsel for the Alaska Bar Association in which it was alleged that Duncan C. Webb was convicted in the superior court, third judicial district, of the felony crime of accessory after the fact to murder, a "serious crime" within the meaning of that term as it is used in Rule 23 of the Alaska Bar Rules.[2] It was further alleged that the commission of this crime constituted engaging in illegal conduct involving moral turpitude in violation of DR 1–102(A)(3) of the Code of Professional Responsibility,[3] as well as constituting engaging in conduct that is prejudicial to the administration of justice in violation of DR 1–102(A)(5) of the Code of Professional Responsibility.[4]

While disciplinary proceedings were pending against Duncan Webb, this court upheld his conviction of accessory after the fact to first degree murder. *Webb v. State,* 580 P.2d 295 (Alaska 1978). In addition, we agreed with the state's contentions in its cross-appeal that the superior court's sentence of two years imprisonment, all of which was suspended with Webb being placed upon probation, was too lenient. In voicing our disapproval of the sentence imposed by the superior court, we noted that:

It is true that Webb will probably be disbarred and, if so, will no longer be able to engage in the practice of law. He has brought great dishonor upon the legal profession. His criminal conduct, employing conscious dishonesty, deserves greater condemnation than if it were committed by one not obligated to adhere to high standards of honor and integrity. [footnote omitted][5]

Subsequently, after notice and hearing, an Area Disciplinary Committee for the third judicial district determined that the essential allegations of bar counsel's petition had been established and unanimously recommended that Duncan Webb be disbarred from the practice of law within the State of Alaska.[6] The matter then came before the Board of Governors of the Alaska Bar Association, acting as the Disciplinary Board.[7] The Disciplinary Board unanimously adopted the findings of the Area Disciplinary Committee, and further recommended that Duncan Webb be disbarred

1. The Alaska Bar Rules governing disciplinary matters were substantially amended effective April 1, 1979. All references to the Alaska Bar Rules are to the rules as they existed prior to the 1979 amendments.

2. Rule 23(a), Alaska Bar Rules, provides:
   Upon the filing with the Court of a certificate demonstrating that an attorney has been convicted of a serious crime as hereinafter defined, the Court shall enter an order immediately suspending the attorney, . . . regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.
   An order suspending Duncan Webb from the active practice of the law in the State of Alaska, pending final disposition of the disciplinary proceedings in this matter, was entered in accordance with Rule 23(a).

3. DR 1–102(A)(3) provides:
   A lawyer shall not:

   .    .    .    .    .

   Engage in illegal conduct involving moral turpitude.

4. DR 1–102(A)(5) states:
   A lawyer shall not:

   .    .    .    .    .

   Engage in conduct that is prejudicial to the administration of justice.

5. *Webb v. State,* 580 P.2d 295, 304 (Alaska 1978).

6. The committee further recommended that the "disbarment commence on September 18, 1978, the date that this matter was presented for hearing."

7. Although duly served with notice, Duncan Webb did not appear before the Disciplinary Board in person or by counsel.

from the practice of law within the State of Alaska.[8]

Our review of the record in this matter has led us to the conclusion that the underlying facts of the petition are fully established and that Duncan Webb's disbarment from the practice of law within the State of Alaska is an appropriate sanction.[9] Duncan Webb's criminal conduct resulting in his conviction of the felony offense of accessory after the fact to first degree murder is a serious crime within the meaning of Rule 23 of the Alaska Bar Rules and constitutes engaging in illegal conduct involving moral turpitude in violation of DR 1–102(A)(3) of the Code of Professional Responsibility as well as engaging in conduct that is prejudicial to the administration of justice in violation of DR 1–102(A)(5) of the Code of Professional Responsibility.[10]

In light of the foregoing,

IT IS HEREBY ORDERED:

That the findings and recommendations of the Disciplinary Board of the Alaska Bar Association are Affirmed. Duncan Webb is disbarred from the practice of law within the State of Alaska.[11]

BURKE, J., not participating.

---

**8.** The Disciplinary Board also recommended that:

> If, after review, the Supreme Court of the State of Alaska enters an order disbarring Duncan Campbell Webb from the practice of law, it is further recommended that the effective date of disbarment commence on the date that said order is entered.

**9.** Rule 16(c), Alaska Bar Rules, provides, in part:

> Upon receipt of the Board's conclusion and recommendations, . . . [t]he Court shall review the record and briefs submitted and enter an appropriate order.
>
> Rule 12(a) provides as to types of discipline: "Misconduct shall be grounds for . . . [d]isbarment by the Court . . . ."

**10.** We think it appropriate at this point to reiterate an observation made in *Webb* that:

> Webb did more than simply lie. After the commission of a most brutal and coldblooded murder, he concealed or aided the murderers with knowledge that they had committed first degree murder and with intent that they might avoid or escape from arrest, trial, or conviction.

*Webb v. State,* 580 P.2d 295, 304 (Alaska 1978) (footnote omitted).

**11.** The effective date of our order of disbarment is the date of issuance of the mandate of this court in the case at bar.